UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-22152-Civ-Moore/Simonton

DAVON L. OUTTEN,
on behalf of himself and
all others similarly situated,

    Plaintiff,
v.

CAPITAL MANAGEMENT SERVICES, LP,

    Defendant.
_____/

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff Davon L. Outten and Defendant Capital Management Services, LP have reached an agreement to settle this matter which was brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff and Defendant have filed a joint motion for the Court's approval pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), and submit this Memorandum in Support thereof.

**I.     PROCEDURAL HISTORY**

On August 11, 2009, Plaintiff filed his First Amended Class Action Complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Docket # 5. On August 25, 2009, Defendant filed its Answer and Affirmative Defense. (DE 9).

On September 4, 2009, Plaintiff served his first set of discovery requests. Defendant served its responses October 28, 2009.

On January 5, 2010, Plaintiff filed his Motion to Compel Discovery and Memorandum in Support. (DE 20 & 21). Defendant filed its Response on January 11, 2010. (DE 29). Plaintiff filed his Reply on January 12, 2010. (DE 30).

On January 7, 2010, Plaintiff filed his Motion for Class Certification and supporting documents. (DE 24 - 28).

Plaintiff was scheduled to take Defendant's deposition on January 15, 2010, but the settlement reached immediately prior to its start time.

Prior to the settlement, the discovery deadline was set to pass on January 18, 2010.

The parties have reached a class-wide settlement regarding all issues subject to the Court's approval and, pursuant to Rule 23(e), request the Court to grant approval of the class action settlement.

## II. STATEMENT OF FACTS

The parties have reached a class-wide settlement agreement ("Agreement", attached to the Joint Motion as Exhibit A), stipulating to the certification of a class defined as:

> (i) all Florida residents for whom Defendant left a telephone message in which it failed to disclose that the communication was from a debt collector (ii) in an attempt to collect a debt incurred for personal, family, or household purposes (iii) arising from an alleged debt due CitiBank (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

Defendant states based on its electronic records that approximately 20,000 people are in the Class. The parties also stipulate to the appointment of Plaintiff as class representative and, pursuant to Federal Rule of Civil Procedure 23(g), Donald A. Yarbrough and Craig M. Shapiro as class counsel.

Pursuant to the Agreement:

(a) Defendant shall pay a total of $22,000.00 to the class for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) to be distributed on a *pro rata* basis to each class member who does not timely opt, object or exclude him or herself from the class settlement, and submits a valid claim form;

(b) Defendant shall pay Plaintiff $1,000.00 for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) and $4,000 in recognition of his services as Class Representative;

(c) Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendant shall pay Plaintiff's costs and reasonable attorney fees. The parties will attempt in good faith to agree on an amount of costs and attorney fees; if no agreement is reached, the issue will be submitted to the Court for determination; and

(d) Defendant shall pay the costs of class administration directly to the class administrator in advance of the services necessitating any such costs. Plaintiff's counsel shall be responsible for directing the class administrator.

Included with the Notice of Settlement shall be a single-page claim form. The claim form shall require the class member to print and sign his or her name under a statement that he or she wishes to make a claim for a share of the class fund of $22,000 and mail it to the Class Administrator, First Class, Inc. Claim forms shall be valid if signed and postmarked within forty-five (45) days from the date the Notice is initially mailed.

The class members shall have forty-five (45) days from the date Class Notice is mailed to opt out, enter an appearance, object or to submit a claim form.

### III. STATEMENT OF QUESTION PRESENTED

Should the Court grant approval of the parties' class action settlement agreement as fair, reasonable, and adequate?

The parties respectfully suggest that this question should be answered in the affirmative.

### IV. ARGUMENT

#### A. STANDARD FOR APPROVAL OF A CLASSWIDE SETTLEMENT

"Rule 23(e) wisely requires court approval of the terms of any settlement of a class action . . ." Evans v. Jeff D., 475 U.S. 717 (1986).

The Southern District of Florida has described the standard for approval of a class settlement as, "[a] district court can approve a class action settlement only if it is fair, adequate and reasonable, and … not the product of collusion." <u>Behrens v. Wometco Enterprises, Inc.</u>, 118 F.R.D. 534, 538 (S.D. Fla.1988). <u>See also</u> <u>Reynolds v. Benefit Nat'l Bank</u>, 288 F.3d 277, 279 (7th Cir. 2002). The Eleventh Circuit has approved six factors to be used in determining whether a settlement is fair, adequate and reasonable:

> These factors are: (1) Plaintiff's likelihood of success on the merits; (2) the range of possible recovery; (3) the point on or below the range of recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

<u>Bennett v. Behring Corp.</u>, 737 F.2d 982, 986 (11th Cir. 1982). The Ninth Circuit has considered the standard for approval of a class settlement and stated:

> Fed. R. Civ. P. 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court …" although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." <u>Officers for Justice v. Civil Serv. Comm'n</u>, 688 F.2d 615 at 625 (9th Cir.1982), cert. denied, 459 U.S. 1217, 75 L.Ed.2d 456, 103 S.Ct.1219 (1983). <u>See</u>, *generally* Marc Glaner, *The Federal Rules and Quality of Settlements,* 137 U.Pa.L.Rev. 1231 (1989).

<u>Class v. City of Seattle</u>, 955 F.2d 1268, 1276 (9th Cir.1992).

The Class Action Settlement Agreement meets the standard of fundamental fairness and should be preliminarily approved by this Court.

### B. THE TERMS OF SETTLEMENT ARE FUNDAMENTALLY FAIR.

The settlement proposed here is fair to all parties and class members. The FDCPA provides for statutory damages to the class not to exceed 1 per centum of the net worth of

Defendant. 15 U.S.C. § 1692k(a)(2)(B). Defendant has produced documentary evidence of its net worth as $2,197,775. Therefore, the maximum the class could recover at trial – 1% of Defendant's net worth – is $21,977.75. Plaintiff has obtained $22,000.00 in statutory damages for the class.[1]

Defendant has also agreed to pay for all costs of class notice and administration. Finally, Defendant has agreed to pay costs and attorneys fees as approved by the Court.

As discussed below, consideration of the factors delineated above lead to the conclusion that preliminary approval of the Settlement should be granted.

### 1. Strength of Plaintiff's Case Compared to Defendant's Settlement Offer

Plaintiff has alleged that Defendant violated the FDCPA by leaving voice mails that violate the FDCPA.

Defendant would present evidence that if it violated the FDCPA, the violation was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error., If liability is proven, Defendant would further present evidence that the class is entitled to little or no damages, based on the criteria required by the FDCPA (see 15 U.S.C. § 1692k(b)(2)). While Plaintiff is confident he will prevail on the claims for relief, Defendant may be successful in its efforts to eliminate or reduce the amount of damages sought. Nevertheless, Plaintiff has obtained for the class members slightly more than the maximum statutory damages allowed under the FDCPA.

Class statutory damages are based on the net worth of Defendant. 15 U.S.C. 1692k(a)(2)(B). Defendant's net worth has been shown to be $2,197,775. Therefore, the

---

[1] Defendant has also agreed to pay Plaintiff Davon L. Outten $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and $4,000.00 in recognition of his services as the class representative.

maximum the class could recover at trial – 1% of Defendant's net worth – is $21,977.75. Plaintiff has obtained $22,000.00 in statutory damages for the class, which is more than 1% of Defendant's net worth. The factors to be used by the Court in determining the amount of statutory damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. 1692k(b)(2). It is not guaranteed that the class would receive the maximum amount of statutory damages.

Nonetheless, the agreed settlement amount of $22,000 for the class represents an amount for the class members that is more than the maximum they could recover at trial under the FDCPA.

### 2. Assessment of the Likely Complexity, Length and Expense of Further Litigation

Although this case is not overly complex, further litigation would be expensive. Indeed, settlement was reached on the eve of Defendant's deposition. Additionally, briefing on Plaintiff's Motion for Class Certification was not completed, and the deadline for dispositive motions was approaching on January 28, 2010. Even if summary judgment was granted in Plaintiff's favor, a trial would be needed to determine damages. The foregoing would cause both parties to incur significant expense and attorney fees. It is also possible that either party would appeal the final judgment in this matter as well.

Because of the issues regarding liability and the factors used to determine damages, the agreement reached is beneficial to the class because of the risk regarding the amount of damages the class could recover at trial.  It is possible that, following lengthy and expensive proceedings, little or no compensation would be recovered for the class. It is certain that less money would be

recovered than Plaintiff has obtained for the class pursuant to the Settlement Agreement, as Plaintiff recovered for the class members slightly more than is permitted by the FDCPA..

It is clear that continued litigation would be expensive and would prolong the duration before any possible recovery, especially if one or both parties appeal the final judgment. The tenacity displayed by both parties thus far in the settlement negotiations strongly suggests that the matter would be vigorously prosecuted and defended at trial — and beyond.

### 3. An Evaluation of the Amount of Opposition to Settlement Among Affected Parties

Notice regarding the settlement has not yet been sent to any of the class members. Therefore, there is no known reaction to this proposed settlement. Should any class member oppose the terms of the settlement, they may file an objection and be heard. Additionally, the class members have the right to opt out of the settlement and bring their own lawsuit against Defendant should they so desire.

### 4. The Opinion of Competent Counsel

Plaintiff is represented by Donald A. Yarbrough and Craig M. Shapiro. Mr. Yarbrough has been an attorney for over thirteen years, primarily in the area of consumer protection litigation. He has litigated several hundred cases under the FDCPA. Mr. Shapiro is a sixth-year associate, having worked almost exclusively in the areas of consumer and class action litigation. He was described by Judge Gottschall of the Northern District of Illinois as "highly experienced in class actions." Acik v. I.C. System, Inc., 251 F.R.D. 332, 336 (N.D.Ill. 2008). See Declarations of Donald A. Yarbrough and Craig M. Shapiro in Support of Plaintiff's Motion for Class Certification, adopted herein. (DE 27 & 28).

Defendant is represented by Barbara Fernandez. Ms. Fernandez has been in practice for nine years. Ms. Fernandez practices primarily in the area of consumer litigation.

Both counsel for Plaintiff and Defendant believe that under the circumstances the proposed settlement is fair, reasonable, and adequate, and recommend that the Court approve the settlement of this litigation.

### 5. The Amount of Discovery Completed at Time of Settlement

Discovery was not complete at the time of settlement. Defendant had responded to Plaintiff's written discovery requests, but its responses led Plaintiff to file a Motion to Compel (DE 20). Plaintiff had not yet taken Defendant's deposition. Defendant had not served discovery requests, nor taken Plaintiff's deposition. However, enough discovery had been taken to determine Defendant's net worth and the size of the class. Plaintiff recovered for the class more than would have been available at trial.

Upon consideration of the foregoing five factors, the proposed settlement of this litigation is fair, reasonable, and adequate.  The parties request the Court to approve the settlement of this class action.

## V. CONCLUSION

The parties request that the Court grant preliminary approval of the class action settlement agreement and direct whether or not the class members are afforded a new opportunity to request exclusion.  The agreement is fair, reasonable, and adequate to the parties and class members.

Dated: January 29, 2010

Counsel for Plaintiff:

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Fax: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

CRAIG M. SHAPIRO
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
craig@horwitzlaw.com


Counsel for Defendant:

s/Barbara Fernandez
BARBARA FERNANDEZ, ESQ.
Florida Bar No. 493767
bfernandez@hinshawlaw.com
Hinshaw & Culbertson LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Tel. No. 305-358-7747
Fax No.  305-577-1063

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-22152-Civ-Moore/Simonton

DAVON L. OUTTEN,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, LP,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 29, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Donald A. Yarbrough
                                                Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
Post Office Box 569009
Miami, FL 33256-9009
Telephone: 305-358-7747
Facsimile: 305-577-1063

Via Notices of Electronic Filing generated by CM/ECF