IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22152-CIV-MOORE/SIMONTON

DAVON L. OUTTEN, on behalf of
himself and all others similarly
situated,

Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES,
L.P.,

Defendant.
_____/

## ORDER CERTIFYING CLASS AND PRELIMINARILY APPROVING CLASS SETTLEMENT

THIS CAUSE came before the Court upon Plaintiff Davon L. Outten ("Outten")'s Motion to Certify Class (dkt # 24) and the Parties' Joint Motion for Preliminary Approval of Class Settlement (dkt # 35). Defendant Capital Management Services ("Capital") did not file a response to the Motion to Certify Class.

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.   BACKGROUND**

This case arises out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). FDCPA requires that debt callers give "meaningful disclosure of the caller's identity" when making calls to alleged debtors. See 15 U.S.C. § 1692d(6). Additionally, when an oral communication is made the collector must indicate that she is "attempting to collect a debt and that any information obtained will be used for that

purpose." 15 U.S.C. § 1692e(11). Outten claims that these statutes were violated when pre-recorded messages left on his machine by a debt collection company that did not identify itself as such.

On July 22, 2009, Outten filed a Summons and Complaint (dkt # 1). On August 11, 2009, Outten filed an Amended Complaint (dkt # 5). On August 25, 2009, Capital filed an Answer (dkt # 9). On January 7, 2010, Outten moved to certify the case as a class action (dkt ## 24-28). This Motion went unopposed. The parties then agreed on a settlement and have submitted a Proposed Settlement to the Court for preliminary approval (dkt # 35). The Court then requested supplemental evidence demonstrating Capital's net worth (dkt # 37). The Parties responded with a supplemental affidavit and a copy of Capital's 2008 balance sheet (dkt # 38).

## II.   CLASS CERTIFICATION

### A.   Standard of Review

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004). Rule 23(a) requires a putative class to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. See Fed. R. Civ. P. 23(a); Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009). Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires two additional findings, specifically: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." See Vega, 564 F.3d at

2

1265. While a district court must not decide the merits of the case at the class certification stage, it "can and should consider the merits . . . to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega, 564 F.3d at 1266 (citations omitted). Courts may take into account a proposed settlement when deciding a motion to certify a class. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 619-20 (1997).

B.      Class Definition and Standing

"Before analyzing the Rule 23(a) requirements, or as part of the numerosity inquiry, a court must determine whether the class definition is adequate." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 477 (S.D. Fla. 2006) (citing cases). A class should be accurately defined; certification should be denied where the class definition is "overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 269 (S.D. Fla. 2003). The requirement of an accurate class definition is satisfied here: Plaintiff's class definition is concise and specific, and permits ready identification of individuals who comprise the Putative Class. Specifically, Plaintiff seeks recovery for

> (a) all Florida residents for whom Defendant left a pre-recorded telephone message in which it failed to disclose that the communication was from a debt collector (b) in an attempt to collect a debt incurred for personal, family, or household purposes (c) arising from an alleged debt due CitiBank (d) during the one year period prior to the filing of the complaint in this matter through the date of class certification

See Am. Compl. ¶ 16. Such a group is readily identifiable.

Further, the named Plaintiff has adequately demonstrated that he, and the other members of the Putative Class, have standing to seek relief in this case. To have standing, a plaintiff must show (1) an "injury-in-fact," (2) a causal connection between the alleged injury and defendant's

challenged action, and (3) that "the injury will be redressed by a favorable decision." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). All members of the Putative Class meet all three prongs. They have allegedly suffered (1) a deceptive message in violation of FDCPA, as a result of (2) Defendant's phone calls, and (3) class members may receive relief through a judgment in this Court in their favor. Accordingly, Plaintiff and the Putative Class have standing to bring this case.

C.  Rule 23(a) Requirements

   1.  Numerosity

Rule 23 requires a class to be "so numerous that joinder of all members is impracticable." Fed. R. 23(a)(1). As a general rule, a class of less than 21 members is inadequate, and a class of more than 40 members is adequate. See Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986); see also Newberg & Conte, Newberg on Class Actions, § 3.45 (4th ed. 2009) ("[A]s few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone").

Plaintiff points to a Request for Admission in which Defendant admits that it placed more than 50 phone calls using the automatic message with the offensive language. See Second Supplemental Responses to Request for Admission (dkt # 25 Ex. A) ("Def. Admission"). According to the proposed settlement agreement, the number is actually approximately 20,000 people. See Proposed Class Settlement (dkt # 35 Ex. A), ¶ 8. Joinder of either amount is impracticable. Accordingly, Plaintiff has demonstrated that the Putative Class is sufficiently numerous.

### 2. Commonality

Commonality demands that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This is a "relatively light burden" that "'does not require that all the questions of law and fact raised by the dispute be common' . . . or that the common questions of law or fact 'predominate' over individualized issues." Vega, 564 F.3d at 1268 (quoting Cox, 784 F.2d at 1557)). Rather, "at least one issue affecting all or a significant number of proposed class members" is sufficient. Fabricant v. Sears Roebuck, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Allegations of a common course of conduct by defendants affecting all class members will satisfy the commonality requirement. See In re Terazosin Hydrochloride Antitrust Litig., 220 F.R.D. 672, 685-86 (S.D. Fla. 2004); Fabricant, 202 F.R.D. at 313; see also Newberg, § 3.10 at 277-78.

Common issues of law and fact exist here. Those issues include (1) whether the phone messages failed to identify callers as debt collectors and (2) Defendant's status as a debt collector. Because the messages at issue are automated and therefore standardized, it is likely that these issues can be resolved without individualized factual or legal inquiries. Accordingly, Plaintiff satisfies the commonality requirement.

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical . . . [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Vega, 564 F.3d at 1275 (citations and

quotation marks omitted). Commonality and typicality are related, but "[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." Id. (citations and quotation marks omitted). Like commonality, typicality is not a demanding test. See In re Disposable Contact Lens Antitrust Litig., 170 F.R.D. 524, 532 (M.D. Fla. 1996).

The named Plaintiff's claim is typical of those of the rest of the Putative Class. Plaintiff was subject to the same call as other members of the Putative Class, and Plaintiff seeks relief based upon the same legal theory as the rest of the Putative Class. See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) (holding that typicality is established where "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based upon the same legal theory"). Accordingly, Plaintiff has demonstrated that the typicality requirement is met.

4. Adequacy

Rule 23(a)(4) requires that "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1323 (11th Cir. 2008) (citation omitted).

Here, the alleged conduct towards the named Plaintiff is identical to other Putative Class members. Thus, no inherent conflict of interest exists. Further, the named Plaintiff has submitted an affidavit in support of the Motion to Certify in which he states that he understands his responsibilities as a named Plaintiff and indicates his willingness to pursue the litigation

fully. See Declaration of Davon L. Outten (dkt # 26). Counsel for Plaintiff has also included affidavits showing their significant experience litigating similar actions. See Affidavits in Support (dckt ## 27-28). Additionally, counsel has already obtained a settlement this Court finds fair. Accordingly, Plaintiff and Plaintiff's counsel have demonstrated that they can adequately represent the Putative Class.

### D. Rule 23(b)(3) Requirements

#### 1. Predominance

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004). Issues requiring generalized proof should predominate over the issues requiring individualized proof. Kerr v. City of W. Palm Beach, 875 F.2d 1546, 1558 (11th Cir. 1989). In essence, the Court must determine "whether there are common liability issues which may be resolved efficiently on a class-wide basis." Drossin v. Nat. Action Fin. Servs., Inc., 255 F.R.D. 608, 616 (S.D. Fla. 2009) (quoting Brown v. SCI Funeral Servs. of Fla., 212 F.R.D. 602, 606 (S.D. Fla. 2003)).

Here, predominance is shown by the fact that defendant has conceded that it left pre-recorded messages on at least 50 answering machines. See Def. Admission. These messages were standardized. Id. Given the standardized nature of the alleged pattern of conduct, a general determination can be made here whether the FDCPA was violated. See Drossin, 255 F.R.D. at 617 (finding predominance under similar circumstances). Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions.

2.   Superiority

Rule 23(b)(3) sets out four specific considerations pertinent to determining whether a class action is a superior to other forms of action:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

This Court finds that a class action is superior to other forms of action given the large number of potential claims, the comparatively small statutory damages each individual Putative Class member would be entitled to, the need for consistent litigation, and the doubtful benefit to the unnamed class members of controlling the litigation themselves. The potential difficulties in managing the class are likely to be limited and the existence of a proposed settlement suggests that these limited difficulties may never arise. Accordingly, Plaintiff has demonstrated that a class action is superior to other forms of action.

E.   Conclusion

Because Plaintiff has shown the Putative Class meets all of the requirements of Rule 23(a) and Rule 23(b)(3), this Court certifies the Putative Class pursuant to Fed. R. Civ. P. 23(b)(3).

### III.     REQUEST TO CERTIFY SETTLEMENT

A settlement will be certified so long as it is "fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). The Eleventh Circuit has

> identified the following factors as relevant to our review of whether a class settlement's terms are fair, reasonable and adequate: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

In re CP Ships Ltd. Sec. Litig., 578 F.3d 1306, 1318 (11th Cir.2009) (quoting Bennett, 737 F.2d at 986).

In the present action, these factors point strongly towards approval of the settlement. The range of possible settlements is limited in this case by statute to the lesser of $500,000 or 1 per centum of Defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). The Parties have provided an affidavit and balance sheet demonstrating that Defendant's net worth as of December 31, 2008 was $2,197,775. See Affidavit of Jeffrey Reznicki (dkt # 38). Thus, assuming no significant increase in Defendant's net worth over the past year, the Class's potential recovery is limited to around $21,977.75. This means the proposed settlement actually provides class members with a slightly greater recovery than they would have been entitled to in December 2008. This points strongly towards the acceptance of the settlement.

Although, Plaintiff's likelihood of success also appears high and the case does not appear to be particularly complex, these factors seem to be fairly included in the settlement number already. At this point, no opposition to the settlement has been made.

9

Thus, the Court preliminarily approves the class settlement.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

### Preliminary Approval of Settlement and Certification of Class

1. Plaintiff's Motion to Certify the Class (dkt # 24) is GRANTED.

2. The Court hereby certifies a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) consisting of: (a) all Florida residents for whom Defendant left a pre-recorded telephone message in which it failed to disclose that the communication was from a debt collector (b) in an attempt to collect a debt incurred for personal, family, or household purposes (c) arising from an alleged debt due CitiBank (d) during the one year period prior to the filing of the complaint in this matter through the date of class certification

3. Davon L Outten is hereby certified as class representative;

4. Donald A. Yarbrough, Esq. and Craig M. Shapiro, Esq. are hereby certified as class counsel pursuant to Fed. R. Civ. P. 23(g);

5. The Court grants preliminary approval to the Proposed Class Settlement (Ex. A to dkt # 35), as the Court finds the proposed settlement fair, reasonable and adequate, subject to further consideration at the Fairness Hearing provided for below.

### Notice to Potential Class Members

6. The form of Notice provided in Exhibit C of the Parties Joint Motion (dkt # 35) is approved. While the inclusion of a fair and accurate Spanish translation of the Notice is not required, if the class representative decides to include such a translation with the Notice packet, he may do so without further leave of this Court.

7. Plaintiff shall arrange to have notice sent to all class members in substantially the proposed form by first class mail, postage prepaid within ten (10) days of this order. Class members shall have until May 20, 2010 to mail an opt-out form to counsel, to object to the fairness of the settlement, or to enter an appearance in this matter. Objections should be sent to both the Court and Class Counsel, and should include reasons for objecting to the proposed settlement. To receive a share of the settlement funds, class members must mail a response to the Class Notice postmarked by May 20, 2010.

8. At least seven days before the Fairness Hearing, Class Counsel shall file with the Court a sworn statement attesting to compliance with the provisions of paragraphs 6 and 7.

9. A Fairness Hearing will be held before this Court on June 3, 2010 at 10:00 a.m. Any class member may appear at the hearing. However, to preserve this ability to appear, the class member must, in a mailing postmarked by May 20, 2010 (a) notify the Court of his or her intent to appear, (b) include with this notice a statement indicating their objections to the settlement, and (c) any evidence the individual would like the Court to consider at the fairness hearing. Any person who fails to object in one the manners provided above will be deemed to have waived their ability to object to the Proposed Class Settlement.

10. The Notice to be provided to class members as set forth in paragraphs 6 and 7 is found to be the best means of providing notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Class Certification, the Proposed Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the class action and settlement reached by the parties, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

11. The Parties have until June 14, 2010 to file a motion for approval of the settlement.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of April, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record